Matter of Azia v Town of Shelter Is.

2026 NY Slip Op 01958

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Jane M. Azia, et al., appellants,

v

Town of Shelter Island, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2023-11424, (Index No. 605971/23)

Colleen D. Duffy, J.P.

William G. Ford

Donna-Marie E. Golia

Susan Quirk, JJ.

Jane M. Azia and Robert F. Quaintance, Jr., New York, NY, appellants pro se.

Perillo Hill LLP, Sayville, NY (Timothy Hill of counsel), for respondents.

[*1]

DECISION & ORDER

In a proceeding pursuant to CPLR article 78 to review so much of a determination of the Town of Shelter Island Zoning Board of Appeals dated January 25, 2022, as, after a hearing, granted the petitioners' application for an area variance only to a certain extent, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Christopher Modelewski, J.), dated October 16, 2023. The judgment denied the petition and dismissed the proceeding.

ORDERED that the judgment is affirmed, with costs.

The petitioners commenced this proceeding against the Town of Shelter Island, the Town of Shelter Island Building Department (hereinafter the Building Department), and the Town of Shelter Island Zoning Board of Appeals (hereinafter the ZBA) pursuant to CPLR article 78 to review so much of a determination of the ZBA as granted the petitioners' application for an area variance for their real property only to a certain extent. Specifically, the petitioners sought an area variance of 15 feet from the side setback requirement of 30 feet in order to replace an existing garage with a larger guest house, an accessory building with sleeping quarters. After a public hearing, in a determination dated January 25, 2022, the ZBA granted the application to the extent of granting a variance of 9.8 feet. In a judgment dated October 16, 2023, the Supreme Court denied the petition and dismissed the proceeding. The petitioners appeal.

As an initial matter, the Town and the Building Department are not proper parties to this CPLR article 78 proceeding, since they did not render the determination (see Matter of Town of Mount Pleasant v Loomis, 218 AD3d 779; Matter of Mangels v Zucker, 168 AD3d 1060, 1061). Therefore, the Supreme Court properly denied the petition and dismissed the proceeding insofar as asserted against them.

Contrary to the petitioners' contention, the Supreme Court also properly denied the petition and dismissed the proceeding insofar as asserted against the ZBA. "Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion" (Matter of Seaview Assn. of Fire Is., N.Y., Inc. v Town of Brookhaven Bd. of Zoning Appeals, 228 AD3d 944, 945 [internal quotation marks omitted]; see CPLR 7803[3]). "Where, as here, a zoning [*2]board's determination is made after a public hearing, its determination should be upheld if it has a rational basis and is supported by evidence in the record" (Matter of Rausman v Zoning Bd. of Appeals of the Town of Ramapo, 225 AD3d 705, 706 [internal quotation marks omitted]).

"In determining whether to grant an application for an area variance, a zoning board must engage in a balancing test weighing the benefit to the applicant if the variance is granted . . . against the detriment to the health, safety and welfare of the neighborhood or community by such grant" (Matter of Seaview Assn. of Fire Is., N.Y., Inc. v Town of Brookhaven Bd. of Zoning Appeals, 228 AD3d at 945-946 [internal quotation marks omitted]; see Town Law § 267-b[3][b]). In making such a determination, the zoning board shall also consider: "(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created, which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance" (Town Law § 267-b[3][b]; see Matter of Seaview Assn. of Fire Is., N.Y., Inc. v Town of Brookhaven Bd. of Zoning Appeals, 228 AD3d at 946).

Here, the record demonstrates that the ZBA engaged in the required balancing test and considered the relevant statutory factors (see Matter of Seaview Assn. of Fire Is., N.Y., Inc. v Town of Brookhaven Bd. of Zoning Appeals, 228 AD3d at 946; Matter of Kami Holding Corp. v Zoning Bd. of Appeals of the Vil. of Westbury, 223 AD3d 811, 813).

Moreover, the ZBA properly considered the requirement set forth in Town Law 267-b(3)(c) that the ZBA "grant the minimum variance it shall deem necessary and adequate and at the same time preserve and protect the character of the neighborhood and the health, safety, and welfare of the community." The alternative area variance granted by the ZBA in the determination had a rational basis and was not arbitrary and capricious (see Matter of Seaview Assn. of Fire Is., N.Y., Inc. v Town of Brookhaven Bd. of Zoning Appeals, 228 AD3d at 946).

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.

DUFFY, J.P., FORD, GOLIA and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court